

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Hon. Harry Knox, Chairman　　Opinion No. O-4024
Board of Control　　　　　　　Re: Whether subject appropria-
Austin, Texas　　　　　　　　tions must be expended in twelve
　　　　　　　　　　　　　　　equal monthly amounts.

Dear Sir:

　　　　　We quote as follows from your letter of September 23, 1941:

　　　　　"Statement:　You will note that in many of
the Eleemosynary Institutions an appropriation is
made to 'Attendants, basis $45 per month, none to
exceed $55 per month', and then an amount is stated.
This is true of cooks and other employees, a lump
sum being appropriated and the number of attendants
or cooks not being stated.

　　　　　"In the General Provisions of this Act under
the head 'Salaries and other General Provisions'
we have this language:

　　　　　"'(a)　All annual salaries shall be paid in
twelve (12) equal monthly installments except as
otherwise herein provided'.

　　　　　"Question:　Does the provision providing for
the payment of salaries in twelve equal payments
govern the payment of the lump sum amounts for at-
tendants, cooks, etc., to the extent that such lump
sum amounts must be expended in twelve equal amounts?

　　　　　". . . ."

　　　　　Expressed in another way, the question you have posed
is whether appropriation items of the type described, appearing
in Senate Bill No. 402, Acts of the 47th Legislature, the ap-
propriation bill for the Eleemosynary Institutions, represent
a limitation upon the number of employees which may be employed
in any one month in the light of the quoted general rider to the
bill.

　　　　　A review of prior appropriation bills for the State
Eleemosynary Institutions discloses that the Legislature has at
different times adopted one of two methods of appropriation with
respect to this matter.

In House Bill 169, Acts of the 43rd Legislature, this particular item reads:

"Eighty (80) attendants, basis $36 per month, none to exceed $45 per month except two (2) not to exceed $50 per month ...................... $  34,560.00   $34,560.00."

In House Bill 781, Acts of the 44th Legislature, this item reads:

"Attendants, basis $36 per month, none to exceed $45 per month except two at not to exceed $50 per month ..... $ 34,560.00   $34,560.00."

In Senate Bill No. 140, Acts of the 45th Legislature, the item reads:

"Attendants, basis $45 per month, none to exceed $55 per month .................... $ 47,520.00   $47,520.00."

In House Bill No. 256, Acts of the 46th Legislature, the item reads:

"Attendants, ninety-eight, basis $45 per month, none exceeding $55 per month ....... $ 52,290.00   $52,290.00."

And Senate Bill No. 402, Acts of the 47th Legislature, contains the item as follows:

"Attendants, basis $45 per month, none to exceed $55 per month..................... $ 53,000.00   $53,000.00."

In each case we have selected an item at random, for illustration, from the appropriation to the Abilene State Hospital.

Whereas an appropriation item "Attendants, ninety-eight, basis $45 per month, none exceeding $55 per month" represents, perhaps, a limitation upon the number of attendants which may be employed in any one month, and a corresponding limitation upon the amount which may be expended in any one month, this is not true, in our opinion, with respect to an item unrestricted in number such as appears in Senate Bill No. 402 of the 47th Legislature; to wit, "Attendants, basis $45 per month, none to exceed $55 per month".

The Legislative intent and purpose here apparent is to make a lump sum appropriation to the institution concerned for the purpose described, limited in maximum amount, as to the appropriation itself and as to the amount which may be paid any particular employee, and leaving the decision of how many employees will be needed, and employed, in a particular month, to the administration of the particular institution. Manifestly the needs of an eleemosynary institution, regarding such personnel, will vary.

In consequence, it is our opinion that neither the general rider providing "all annual salaries shall be paid in twelve (12) equal monthly installments except as otherwise herein provided", nor any other general rider to Senate Bill No. 402, requires the expenditure of the lump sum appropriations involved in twelve equal amounts.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley, Assistant

APPROVED SEP 30, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

ZCS:mp:wb